UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KENNETH H. MILDWORM,

                        Plaintiff,

             -against-

JANET RENO, Attorney General of the United States,
et al.,

                        Defendants.
------------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 00-5161 (LDW)(ARL)

**LINDSAY, Magistrate Judge:**

Before the court is the plaintiff's letter application seeking leave to file a second amended complaint to interpose a breach of contract claim against the United States Marshals Service. The federal defendants oppose the application. For the reasons set forth below, the court recommends that the plaintiff's application be denied.

This is an employment discrimination action alleging race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. and violation of the First, Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983; and Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). More specifically, the plaintiff, a white male, alleges *inter alia* that during his employment as a court security officer with the United States Marshals Service, his security clearance and gun were removed, he was suspended from service and ultimately terminated on account of his race and in retaliation for speaking out on increasing the presence of qualified minority candidates for court security officer positions within the Southern and Eastern Districts. The plaintiff seeks to amend his complaint to add a breach of contract claim against the Marshals Service alleging that the termination of his employment was in violation of the security services contract between the Marshal's Service and

Akal Security, Inc. and Marshal's Service Policy No. 98-008.

The plaintiff argues that leave to amend pursuant to Rule 15(a) should be freely granted. The plaintiff's analysis, however, is flawed. On December 10, 2001, the court entered a pretrial scheduling order that, based on the parties' representation that they had no intention to move to amend the pleadings, reflected that the time for the amendment of pleadings had concluded. (See Pretrial Scheduling Order, dated December 10, 2001). The plaintiff's motion is made almost four years after the deadline, and thus, it must be determined under Rule 16(b)'s good cause standard rather than the more liberal standard of Rule 15. See Credit Suisse First Boston v. Couer d'Alene Mines, 2004 U.S. Dist. LEXIS 25260 at *16 (S.D.N.Y. Dec. 14, 2004) (M.J. Dolinger), adopted 2005 U.S. Dist. LEXIS 1893 (S.D.N.Y. Feb. 10, 2005) (citing Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000)); see also Permatex, Inc. v. Loctite Corp., 2004 U.S. Dist. LEXIS 10953 (S.D.N.Y. June 17, 2004).

Rule 16(b) requires that deadlines be set for proceedings such as joinder of parties and amendment of pleadings. By limiting the time for amendments, "the rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that 'at some point both the parties and the pleadings will be fixed.'" Parker, 204 F.3d at 339 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)). In some cases, the court may determine that the deadline cannot be met despite the parties' diligence, and grant leave to extend the deadline. The rule plainly states, however, that a scheduling order "shall not be modified except upon a showing of good cause." The Second Circuit, in Parker, adopted the standard already in place in other Circuits, holding that "despite the lenient standard of Rule 15(a), the district court does not abuse its discretion in denying leave to amend the pleading after the deadline set in the scheduling order where the moving party has failed to establish good cause."

Id. at 340.

Although the plaintiff's papers do not address Rule 16(b), the plaintiff argues that the factual predicate for the proposed amendment was not known to him at the time he filed his complaint, but rather became evident at an arbitration held after the deadline for submission of motions to amend the pleadings. Defendants do not dispute when the plaintiff first learned of the facts upon which the proposed amendment is based. Thus, the court finds that the plaintiff's delay in seeking to amend his pleading is reasonable and thus Rule 16(b)'s good cause standard is satisfied.

Having met Rule 16's requirements, the plaintiff must also demonstrate that leave to amend is appropriate pursuant to Rule 15. Deere v. Goodyear Tire and Rubber Co., 175 F.R.D. 157, 165 (N.D.N.Y. 1997); Robinson v. Town of Colonie, No. 91 Civ 1355, 1993 WL 191166 at *4 (N.D.N.Y. June 3, 1993). Under Rule 15(a), leave to amend "shall be freely granted when justice so requires." Motions for leave to amend should be denied only for reasons such as undue delay, bad faith, futility of the amendment or prejudice to the other party. See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); Aetna Casualty and Surety Co. v. Aniero Concrete Co., Inc., 404 F.3d 566 (2d Cir. 2005).

Here, defendants oppose the application arguing that the proposed amendment would be futile. The court agrees. The proposed amendment seeks to add a breach of contract claim against the United States Marshal's Service. (See Proposed Second Amended Complaint at ¶¶ 106-108). The Contract Disputes Act of 1978, 41 U.S.C. §§ 601 et seq., amending the Tucker Act, 28 U.S.C. §§ 1346 and 1491, expressly gives the Court of Federal Claims exclusive subject matter jurisdiction over actions or claims against the United States founded upon an express or implied contract. The Tucker Act now states that "the district courts shall not have jurisdiction

3

of any civil action or claim against the United States [in cases] which are subject to . . . the Contract Disputes Act of 1978. See Tucker Act, 28 U.S.C. § 1346(a)(2). Thus, given that this court is without subject matter jurisdiction over the proposed breach of contract claim, amendment of the complaint to add this claim would be futile. Up State Federal Credit Union v. Walker, 198 F.2d 372, 374-75 (2d Cir. 1999); Pollock v. Ridge, 310 F. Supp.2d 519, 528 (W.D.N.Y. 2004); Melton v. Comey, 03 CV 1614 (RJH), 2003 WL 22939108, *2 (S.D.N.Y. Dec. 12, 2003). Accordingly, the court recommends that the plaintiff's application be denied.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York  **SO ORDERED:**
September 15, 2005

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge